IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONAS SEBASTIAN JÖDICKE,<br><br>   Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>   Defendants. | No. 23-cv-00379<br><br>Judge John F. Kness |

**ORDER**

All remaining Defendants have failed either to plead or to otherwise appear to defend against this action. Accordingly, default is entered under Rule 55(a) of the Federal Rules of Civil Procedure. Moreover, no remaining Defendant against whom default judgment is sought has appeared personally or by a representative. Written notice of Plaintiff's motion for default judgment, therefore, is not required, see Fed. R. Civ. P. 55(b)(2), and the motion (Dkt. 32) seeking a default judgment is granted. Because Defendants directly target their business activities toward consumers in the United States, including Illinois, this Court has personal jurisdiction over Defendants. *Am. Bridal & Prom Indus. Ass'n v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 192 F. Supp. 3d 924, 934 (N.D. Ill. 2016). Plaintiff has presented screenshot evidence that each Defendant Internet Store is reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can and do purchase infringing products. *See, e.g.*, Dkt. 14, 15. In addition, based on the evidence previously submitted by Plaintiff and the admission of liability by virtue of the default, Plaintiff has established that a permanent injunction is warranted. The infringement of Plaintiff's copyrights irreparably harms Plaintiff and confuses the public.

Defendants' infringement was willful and statutory damages are thus awarded. After considering the nature of the products, the price point, the absence of any concrete evidence of lost profits or high-volume infringement by Defendants (Plaintiff has not sought an accounting of profits), the value of Plaintiff's copyrights, and the need to deter infringement that is easily committed and difficult to stop, the Court finds that $50,000 per distinct Defendant is an appropriate award of statutory damages under 17 U.S.C. § 504(c)(2) for Defendants' willful infringement of Plaintiff's

copyrights.[1] Enter separate Final Judgment Order. Any other pending motions are dismissed as moot. Civil case terminated.

SO ORDERED in No. 23-cv-00379.

Date: July 11, 2024

                                                JOHN F. KNESS
                                                United States District Judge

---

[1] Because statutory damages are awarded, a separate damages hearing is not required. *See United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989) (judgment by default "may not be entered without a hearing on damages unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.").